IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| MARILYN KAY DODSON, | ) | CASE NO.5:18-CV-02263 |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | MEMORANDUM OPINION AND |
| COMMISSIONER OF SOCIAL SECURITY, | ) | ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

**Introduction**

Before me[1] is an action by Marilyn Kay Dodson seeking judicial review of the decision of the Commissioner of Social Security that denied her application for disability insurance benefits.[2] The Commissioner has answered.[3] Under my pretrial orders[4] the parties have briefed their arguments,[5] filed fact sheets[6] and participated in a telephonic oral argument.[7]

---

[1] The parties have consented to my exercise of jurisdiction. ECF No. 21.
[2] ECF No. 1.
[3] ECF No. 9.
[4] ECF Nos. 5, 11.
[5] ECF Nos. 12 (Dodson), 16 (Commissioner), 17 (Dodson reply).
[6] ECF Nos. 13 (Dodson), 19 (Commissioner).
[7] ECF No. 23.

1

For the reasons that follow the decision of the Commissioner to deny benefits will be affirmed.

## Facts

The relevant facts are simply stated. Dodson was born in 1954 and so was a person of advanced age at all stages of her application.[8] She has a high school education and her past relevant work was as a dispatcher and in maintenance.[9] She last worked full-time in 2014[10] and she initially filed her claim in 2016.[11]

Essentially Dodson claimed in her application that she was disabled as a result of gastroparesis and associated acid reflux issues, as well as diabetes, neuropathy and high blood pressure.[12] She stated that she was unable to eat when stressed and that this condition has caused her to lose weight, as well as prevented her from eating "regular size meals."[13] She further stated that stress induces feelings of heartburn and diarrhea which in turn means that she must stay upright (a standing or seated position) for three hours after eating.[14] She reported that she could perform normal daily activities so long as she remained close to a bathroom.[15]

---

[8] ECF No. 12 at 2 (citing record).
[9] *Id.*
[10] *Id.*
[11] *Id.* at 1.
[12] Tr. at 22.
[13] *Id.*
[14] *Id.*
[15] Id. at 190.

The ALJ found that Dodson did not meet any listing, but rather analyzed individual digestive disorder symptoms to determine if, in combination, Dodson's symptoms met or equaled a listing.[16] After giving "great weight" to the opinions of two State agency consultants regarding the meeting of a listing, the ALJ concluded that Dodson did not meet or equal a listing.[17]

In the RFC, Dodson was determined to have a capacity for performing light work with some additional limitations.[18]

In support of that RFC, the ALJ set forth a detailed examination of Dodson's complaints as to the purported limitations brought about by her symptoms.[19] In that regard, he first discussed the objective medical evidence, with emphasis on the 2014-2017 treatment notes from Dr. Tischner, her primary care physician, and Dr. Shaeen, her gastroenterologist.[20] He then examined the 2016 functional capacity opinions of the two State agency consultants, giving the opinions "limited partial weight."[21] The ALJ stated that additional restrictions were required to account for "infrequent," "intermittent" and "non-severe" postural and exertional limitations.[22]

---

[16] *Id*. at 20-21.
[17] *Id*. at 21.
[18] *Id.*
[19] *Id*. at 22-28.
[20] *Id*. at 23-27.
[21] *Id*. at 27-28.
[22] *Id*. at 28.

Finally, based on the testimony of a VE, the ALJ found that Dodson would be capable of performing her past relevant work, which in this case was determined to be "Dispatcher, Maintenance Service."[23]

Thus, Dodson was found not to be disabled.[24]

**Analysis**

Here, Dodson makes three arguments:

1. The ALJ failed to properly consider SSR 14-2p in analyzing whether a combination of symptoms was equivalent to a listing.

2. The ALJ's determination that Dodson lacked credibility as to the limiting effects of her symptoms was not supported by substantial evidence and was contrary to SSR 16-3p.

3. The ALJ improperly found that Dodson could return to her past relevant work.[25]

In all instances, the claims will be considered here according to the well-known substantial evidence standard set out in *Bruxton v. Halter*.[26] The first argument will be addressed initially below. As counsel agreed at the telephonic oral argument, the remaining arguments are related, and so will be considered together.

---

[23] *Id*. at 28-29.
[24] *Id*. at 29-30.
[25] ECF No. 12 at 1.
[26] 246 F.3d 762, 772 (6th Cir. 2001).

4

**Combined impairment analysis**

Dodson's first issue here, as stated, is that the ALJ failed to properly consider SSR 14-2p in addressing the combined symptoms of Dodson's diabetes. She maintains that her diabetic complications consist of gastroparesis, polyneuropathy and edema in her legs.[27] She further contends that it was error by the ALJ not to specifically mention SSR 14-2p in the analysis.[28]

I note at the outset that SSR 14-2p simply "provides information about the types of impairments and limitations that result from diabetes mellitus" and "provides guidance" as to how to evaluate disability claims arising from diabetes mellitus.[29] Significantly, there is no requirement that this particular Social Security Ruling be specifically cited in conducting an analysis that follows its guidance. Indeed, Magistrate Judge Greenberg recently observed that it was only harmless error when an ALJ incorrectly cited to a wholly different and incorrect Social Security Ruling as part of an analysis of whether a claimant's diabetes symptoms met or equaled a listing. Rather, Magistrate Judge Greenberg concluded that what was actually required was that the ALJ had evaluated the claimant's disorder under the applicable listings for the body systems affected by her disorder.[30]

---

[27] ECF No. 12 at 11.
[28] *Id*. at 10.
[29] See, *Weiland v. Berryhill*, 2018 WL 1750461, at *22 (N.D. Ohio Feb. 28, 2018) (quoting SRR 14-2p).
[30] *Id*.

That is exactly what occurred here. In line with the general rubric for evaluating whether a claimant meets or equals a listing,[31] and specifically in accord with Magistrate Judge Greenberg's standard in cases like this of analyzing a claimant's symptoms by reference to affected body systems, the ALJ here carefully analyzed symptoms of diabetic gastroparesis, weight loss, and diabetic polyneuropathy and concluded that, individually or taken together, Dodson had not met or equaled any listed impairment.[32]

Moreover, the ALJ stated that he considered and gave great weight to the opinions of two State agency consultants who concluded that Dodson had not met or equaled any listing related to the digestive system.[33] Such an opinion by a state consultant is substantial evidence for a similar conclusion by an ALJ.[34]

Finally, Dodson has not demonstrated that she meets or equals any listing. It is her burden to have done so.[35]

Accordingly, I find no error in the ALJ's handling of Dodson's claim under a meet or equal analysis.

---

[31] See, *Oliphant o.b.o. Q.O. v. Commissioner*, 2017 WL 4326087 (N.D. Ohio Sept. 27, 2017) (Baughman, MJ).
[32] Tr. at 20-21.
[33] *Id*. at 20.
[34] See, *Weiland*, 2018 WL 1750461, at *24. (ALJ's decision of not meeting or equaling is supported by substantial evidence that included the opinions of state agency physicians).
[35] *Blanton v. Commissioner*, 2016 WL 775296 (N.D. Ohio Feb. 29, 2016) (Baughman, MJ).

**Credibility and past relevant work**

Here Dodson argues that the ALJ erred in finding that her testimony about the functional limitations arising from her symptoms was not credible.[36] She argues that despite a lack of recent medical testing, she was reporting debilitating symptoms to both her physicians who then treated her for those symptoms.[37] She contends that if these symptoms were properly acknowledged she would need bathroom access that was not considered by the VE and would miss more than two days a month at work and so be unable to engage in any gainful activity.[38]

The Commissioner points out, however, that the ALJ made specific reference to numerous places in the record that indicate that Dodson's gastroparesis was either under control or not debilitating after her diagnosis.[39] The ALJ also observed that Dodson's significant "activities outside the home do not persuade that her gastrointestinal symptoms are as frequent or as limiting as alleged."[40]

I note initially that while merely citing to a claimant's daily activities cannot conclusively establish an ability to engage in full-time work, it is also true that a claimant's capacity to perform tasks in daily living is a legitimate factor to be considered in assessing

---

[36] ECF No. 12 at 12.
[37] *Id*. at 14.
[38] *Id*. at 14-15.
[39] Tr. at 23-24.
[40] *Id*. at 26.

the claimant's functional capacity.[41] Moreover, even if I could find evidence in the record to support Dodson's complaints about the debilitating effects of her symptoms, I must nevertheless affirm the ALJ's conclusion if it is supported by substantial evidence.[42]

Dodson's contention is that if the ALJ had credited her claims that she needed bathroom breaks and/or time off during a month such a finding would have required a corresponding change in the RFC. But the ALJ did not credit those complaints. And based on the RFC as found by the ALJ, the conclusion that Dodson could return to her past relevant work is fully supported by substantial evidence.[43]

## Conclusion

For the reasons stated, I find that substantial evidence supports the decision of the Commissioner to deny benefits. Accordingly, that decision is affirmed.

IT IS SO ORDERED.

Dated: December 16, 2019                 s/William H. Baughman Jr.
                                                                        United States Magistrate Judge

---

[41] *Heston v. Commissioner*, 245 F.3d 528, 536 (6th Cir. 2001); *Shelton v. Commissioner*, 2019 WL 6703245, at *3 (N.D. Ohio Oct. 28, 2019); R&R adopted, 2019 WL 6699540 (N.D. Ohio Dec. 9, 2019).
[42] *Keeton v. Commissioner*, 583 F. App'x. 515, 533 (6th Cir. 2014).
[43] *See*, *Harrod v. Commissioner*, 2018 WL 3869897, at ** 1-2 (W.D. Ohio Aug. 15, 2018)(adopting R&R).